**Mickey L. STAHLMAN, Appellant,**

v.

**The KROGER CO., and Local 610, Miscellaneous Drivers and Helpers of the International Brotherhood of Teamsters, Appellees.**

**No. 82–1828.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 20, 1983.

Decided Dec. 27, 1983.

since the contract was executed in Arizona.

622

Ralph Levy, III, Law Offices of Carp & Morris, Clayton, Mo., for appellant Mickey L. Stahlman.

Byron E. Francis, St. Louis, Mo., for appellee, the Kroger Co.; Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., of counsel.

Earl B. Wilburn, Fred A. Ricks, Jr., Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for appellees.

Before ROSS and FAGG, Circuit Judges, and WATERS, District Judge.*

PER CURIAM.

This case is on appeal from the judgment of the United States District Court for the Eastern District of Missouri.[1] 542 F.Supp. 1118. Jurisdiction is invoked pursuant to 28 U.S.C. § 1291 (Supp.1983). The district court granted summary judgment in favor of appellees, The Kroger Co. and Local 610, on the basis that the suit filed under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978) was not timely filed. This appeal followed.

Stahlman was suspended by his employer on January 17, 1980. A grievance was filed without success, and he filed suit on August 6, 1981, alleging breach of duty of fair representation against the union and wrongful discharge by the employer in violation of section 301. Stahlman admits that his claims were filed some 12½ months (July 15, 1980) after a joint grievance committee upheld the discharge of Kroger.

During the pendency of this appeal, the Supreme Court decided the case of DelCos-

* The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

tello v. International Brotherhood of Teamsters, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). DelCostello held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) with its six month limitation period governed section 301 suits.

Stahlman admits that if DelCostello is applied retroactively his claims are clearly barred. In Lincoln v. District 9 of the International Association of Machinists, 723 F.2d 627 (8th Cir.1983) we determined that DelCostello should be applied retroactively. Finding no evidence in the record which indicates Stahlman's action should be tolled, we find that the action accrued on July 15, 1980, when the Step 3 committee denied his grievance. He waited 12½ months to file his action, and consequently, we find he is time barred under DelCostello.

Affirmed.

1. The Honorable James Meredith presiding.